UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JUNIOR MARTINEZ,

                Plaintiff,

    -against-

IVY LEAGUE SCHOOL, INC., d/b/a IVY LEAGUE
SCHOOL, and JOHN DOE(S) (1-10),

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Case No.:
15-cv-07238 (DRH)(GRB)

# MEMORANDUM OF LAW IN RESPONSE TO ORDER TO SHOW CAUSE

THE CONNOLLY LAW FIRM, P.C.
Attorneys for Plaintiff
170 Old Country Road, Ste. 200
Mineola, New York 11501
Tel. 516-746-5599 – Fax 516-746-1045

On the Brief:  Robert Connolly, Esq.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................1

BACKGROUND .............................................................................................................................1

ARGUMENT...................................................................................................................................2

I.   AN FLSA ACTION THAT IS TERMINATED BY A NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i), IS NOT SUBJECT TO COURT REVIEW ........................................................................................................2

CONCLUSION................................................................................................................................5

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted by the plaintiff Junior Martinez ("Plaintiff") in response to the Order to Show Cause issued by the Court on June 8, 2016, regarding in the above captioned wage and hour action. The action was brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216, as well as the New York Labor Law Article 19 § 663, New York Labor Law Article 6 §§ 190 *et seq.,* ("NYLL"), and the New York Codes, Rules, and Regulations ("NYCRR") § 142-2.2, to recover unpaid minimum wages and overtime wages owed to the Plaintiff, who was employed by Ivy League School Inc., d/b/a Ivy League Day School Inc., and John Doe(s) (1-10), individually ("Defendants").

The Plaintiff argues hereinafter that because his FLSA action was terminated by filing a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), it is not subject to Court review; notwithstanding the decision in *Cheeks v. Freeport Pancake House,* 796 F.3d 199, 200, 2015 WL 4664283 at *1 (2d Cir. 2015). And therefore, the Plaintiff should not be required to submit anything to the Court for review.

## BACKGROUND

On December 18, 2015, the Plaintiff commenced this action against the Defendants, pursuant to the FLSA and NYLL, as noted above. Thereafter, the Plaintiff requested and received extensions of time to file a notice of dismissal, or in the alternative for defense counsel to file an answer until May 30, 2016 (DE 5, and 6). The Defendants did not appear in the action. And, on May 31, 2016 (May 30th being a federal holiday), Plaintiff filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

On June 8, 2016, this Court issued an Order to Show Cause, which provided, in pertinent part, as follows:

> Inasmuch as (1) the Court was advised by letter dated March 9, 2016 that plaintiff was in contact with defense counsel who was cooperating and that it was likely that there would be "a relatively expeditious resolution of this case" [DE 5]; and (2) the notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(I) is "with prejudice" [DE 7], it would appear that this case has been settled and review of the settlement terms by this Court in accordance with the decision in Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015) is appropriate.
>
> Accordingly, it is hereby ORDERED that on or before June 22, 2016, plaintiff shall provide the Court with a copy of the settlement agreement or, in the alternative, file a memorandum of law as to why Court approval is not required.

Order, U.S. District Judge Denis R. Hurley, dated June 8, 2016.

As argued hereinafter, it is respectfully submitted that in the instant case, where Plaintiff filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), it is not subject to Court review, pursuant to the decision in *Cheeks v. Freeport Pancake House, supra*.

## ARGUMENT

### I. AN FLSA ACTION THAT IS TERMINATED BY A NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)(A)(i), IS NOT SUBJECT TO COURT REVIEW.

A plaintiff, as a matter of right, can voluntarily dismiss his action under Federal Rule of Civil Procedure 41(a)(1)(A)(i), where the defendant has neither answered the complaint, nor moved for summary judgment. *See Fernandez v. Southside Hosp.*, 593 F.Supp. 840, 842 (D.C.N.Y. 1984), citing *Kilpatrick v. Texas & P. Ry. Co.,* 166 F.2d 788 (2d Cir. 1948), *cert. denied sub nom. Texas & P. Ry. Co. v. Kilpatrick,* 335 U.S. 814, 69 S.Ct. 32 (1948). The purpose of this section of Rule 41, permitting voluntary dismissal, is to facilitate voluntary dismissals, and to limit them to an early stage of the proceedings before issue is joined. *See generally Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953), *cert. denied* 73 S.Ct. 949, 345 U.S. 964 (1953).

Further, a notice of voluntary dismissal deprives the district court of jurisdiction to enter subsequent orders and/or judgment. *See Safeguard Business Systems, Inc. v. Hoeffel*, 907 F.2d 861 (8th Cir. 1990) (holding notice of voluntary dismissal deprives the district court of jurisdiction to enter orders and judgment, even though notice was filed after district court held an evidentiary hearing on plaintiff's motion for a temporary restraining order); *see also Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) (holding that in cases falling short of the extreme judicial intervention, prior to defendant serving an answer or a motion for summary judgment, notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i), are not subject to vacatur).

In this case, the Plaintiff's right to file a notice of dismissal pursuant to Rule 41(a)(1)(A)(i), is not abrogated by the holding in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015), which is limited to cases where there has been a "stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)," that occurs after the defendant has appeared in the case, thereby subjecting itself to the jurisdiction of the Court.

In the case at bar, the Plaintiff filed a notice of dismissal in conformance with Rule 41(a)(1)(A)(i), before the defendant either served an answer or a motion for summary judgment. In fact, the Defendants in this case never appeared in the action. Consequently, the holding in *Cheeks v. Freeport Pancake House, Inc.*, *supra*, is inapplicable to the case at bar.

In *Cheeks v. Freeport Pancake House, Inc.*, the Court wrote as follows:

> Dorian Cheeks appeals, pursuant to 28 U.S.C. § 1292(b), from the refusal of the United States District Court for the Eastern District of New York (Joanna Seybert, *J.*) to enter the parties' stipulation of settlement dismissing, with prejudice, Cheeks' claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law. The district court held that parties cannot enter into private settlements of FLSA claims without either

3

> the approval of the district court or the Department of Labor ("DOL"). We agree that absent such approval, parties cannot settle their FLSA claims through a private stipulated dismissal with prejudice *pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)*. We thus affirm, and remand for further proceedings consistent with this opinion.

*Id*. at 199- 200, 2015 WL 4664283 at *1 (emphasis added).

Next, Rule 41(a)(1)(A), of the Federal Rules of Civil Procedure, provides in pertinent part, as follows:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any *applicable federal statute*, the plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed.R.Civ.P. 41(a)(1)(A) (emphasis added).

While the Court in *Cheeks* concluded that the "FLSA [is] within Rule 41's 'applicable federal statute' exception," its holding was clearly limited to Rule 41(a)(1)(A)(ii), which permits a stipulation of dismissal after the defendant has appeared in the case and subjected itself to the jurisdiction of the Court. *Id*. at 206, 2015 WL 4664283 at *6. Indeed, once the defendant has appeared in the case, the plaintiff can no longer file a notice of dismissal pursuant to Rule 41(a)(1)(A)(i). Notably, the Court in *Cheeks* did not discuss a notice of dismissal pursuant to Rule 41(a)(1)(A)(i).

Further, while numerous decisions from the Eastern District have cited the holding in *Cheeks*, not a single one has applied it to a case involving a notice of dismissal pursuant to Rule 41(a)(1)(A)(i). *See, e.g., Barnhill v. Fred Stark Estate*, 2015 WL 5680145, at *1 (E.D.N.Y. 2015); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, 2015 WL 6550560, at *1 (E.D.N.Y. 2015); *Bynum v. Maplebear Inc.*, 2016 WL 552058, at *10 (E.D.N.Y. 2016); *Gao v. Perfect Team Corporation*, 2016 WL 413095, at *2 (E.D.N.Y., 2016); *Romero v. Westbury Jeep Chrysler Dodge, Inc.*, 2016 WL 1369389, at *1 (E.D.N.Y. 2016); *Gao v. Perfect Team Corp.*, 2016 WL 1533537, at *2 (E.D.N.Y. 2016); *Davitashvili v. Beacon Van Line and Storage, Inc.*,

4

2016 WL 3390410, at *2 (E.D.N.Y. 2016); *Abrar v. 7-Eleven, Inc.*, 2016 WL 1465360, at *2 (E.D.N.Y. 2016) *Hall v. ProSource Technologies, LLC*, 2016 WL 1555128, at *8 (E.D.N.Y. 2016); *Panganiban v. Medex Diagnostic and Treatment Center, LLC*, 2016 WL 927183, at *1 (E.D.N.Y. 2016); *Flores v. Food Exrpess Rego Park, Inc.*, 2016 WL 386042, at *1 (E.D.N.Y. 2016); *Zeller v. PDC Corporation*, 2016 WL 748894, at *2 (E.D.N.Y. 2016); *Ocasio v. Big Apple Sanitation, Inc.*, 2016 WL 337752, at *1 (E.D.N.Y. 2016); *Tillman v. Travel*, 2015 WL 7313867, at *1 (E.D.N.Y. 2015); *Scherzer v. LVEB, LLC*, 2015 WL 7281651, at *1 (E.D.N.Y. 2015); *Alvarez v. Michael Anthony George Construction Corp.*, 2015 WL 10353124, at *1 (E.D.N.Y. 2015).

## CONCLUSION

For the foregoing reasons, this Court should provide relief, as follows: (1) that Plaintiff's notice of dismissal remains undisturbed; (2) that Plaintiff shall not be required to submit anything for the Court's review; and (3) such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
       June 22, 2016

                                           Yours, etc.,

                                           __Robert Connolly /s/_____
                                           **ROBERT CONNOLLY (RC-3986)**
                                           *Attorneys for Plaintiff*
                                           170 Old Country Road
                                           Mineola, New York 11501
                                           (516) 746-5599