UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JUNIOR MARTINEZ,

                Plaintiff,

       -against-                             **MEMORANDUM & ORDER**
                                                   15-CV-7238(DRH)(GRB)

IVY LEAGUE SCHOOL, INC., d/b/a/
IVY LEAGUE SCHOOL, and JOHN
DOE(S) (1-10),

                Defendants
-------------------------------------------------------X

**APPEARANCES:**

**The Connolly Law Firm, P.C.**
Attorneys for Plaintiff
170 Old Country Road, Suite 200
Mineola, NY 11501
By:    Robert Connolly, Esq.

**HURLEY, Senior District Judge:**

       This action involves a question left unaddressed by the Second Circuit in *Cheeks v. Freeport Pancake House*, 796 F.3d 199, 201 n.2 (2d Cir. 2015), to wit, the extent to which court approval is needed when a plaintiff in a Fair Labor Standards Act ("FLSA") case files a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(i). As explained below, to the extent that there is a quid pro quo for such a dismissal, court approval is required.

## BACKGROUND

       Plaintiff, Junior Martinez, commenced this action on December 18, 2015 pursuant to the FLSA and New York Labor Law "to recover unpaid minimum wages and overtime wages owed" to him as a result of his employment with defendants. (Compl. at ¶ 1.) On February 24, 2016,

there being no case activity reflected on the docket, an Order was entered directing the filing of a written status report. (Electronic Order dated Feb. 24, 2016.) Consistent with that Order, plaintiff filed a letter on March 9, 2009, advising the Court as follows:

> I have been in contact with counsel for the Defendant and they have been very cooperative and further, they have voluntarily provided relevant payroll documents, which will likely lead to a relatively expeditious resolution of this case without the need for any further judicial intervention. Accordingly, I respectfully request that the Court provide the parties thirty (30) days to resolve this matter, so that by April 8, 2016, either the Plaintiff will file a voluntary notice of dismissal with prejudice, pursuant to Rule 41(a), or the Defendant will file an answer.

(D.E. 5.)

On May 31, 2016, plaintiff filed a notice of voluntary dismissal "with prejudice" pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. Shortly thereafter, the Court issued the following Order to Show Cause:

> Inasmuch as (1) the Court was advised by letter dated March 9, 2016 that plaintiff was in contact with defense counsel who was cooperating and that it was likely that there would be "a relatively expeditious resolution of this case" [DE 5]; and (2) the notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) is "with prejudice" [DE 7], it would appear that this case has been settled and review of the settlement terms by this Court in accordance with the decision in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) is appropriate.
>
> Accordingly, it is hereby ORDERED that on or before June 22, 2016, plaintiff shall provide the Court with a copy of the settlement agreement or, in the alternative, file a memorandum of law as to why Court approval is not required.

(Electronic Order dated June 8, 2016.)

In his response to the Order to Show Cause, plaintiff argues that "because his FLSA

action was terminated by filing a notice of dismissal pursuant to Federal Rule of Civil Procedure 41 (a)(1)(A)(i), it is not subject to Court review; [sic] notwithstanding the decision in *Cheeks v. Freeport Pancake House . . . .*" Mem. in Resp. to Order to Show Cause ("Pl.'s Mem.";D.E. 8) at 1. He maintains that *Cheeks* "is limited to cases where there has been a 'stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii),' that occurs after the defendant has appeared in the case, thereby subjecting itself to the jurisdiction of the Court" whereas here the notice of dismissal was filed pursuant to "Rule 41(a)(1)(A)(i), before the defendant either served an answer or a motion for summary judgment" and "[i]n fact, the Defendants in this case never appeared in the action." Pl.'s Mem. at 3. Notably, plaintiff does not deny that he settled his claims with defendants.

## DISCUSSION

In *Cheeks*, the parties entered into a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The district court, however, ordered that the parties file a copy of their settlement agreement on the public docket and justify why the settlement reflected a fair and reasonable resolution. 796 F.3d at 200. In response, the parties sought certification of the question whether FLSA actions are exempted from the general rule that parties may stipulate to the dismissal of an action without the involvement of the court under Rule 41(a). *Id*. The question was so certified. *Id*. at 201.

The Second Circuit began its analysis by setting forth Rule 41(a)(1)(A), which provides:

> Subject to Rule 23(e), 23.1(c), 23.2 and 66 and any applicable
> federal statute, the plaintiff may dismiss an action without a court
> order by filing:
> (i) a notice of dismissal before the opposing party serves

3

     either an answer or a motion for summary judgment; or
      (ii) a stipulation signed by all parties who have appeared.

*Id*. Noting that "[t]he FLSA is silent as to Rule 41," the Court recast the issue as whether "the FLSA is an 'applicable federal statute' within the meaning of the rule." *Id.* If not, the case was dismissed by operation of the rule and the parties did not need approval for the stipulation of dismissal to be effective. *Id.*

  After a review of case law that discussed whether a private FLSA settlement was enforceable, the Second Circuit turned to the precise question before it: whether parties "can enter into a private stipulated dismissal of FLSA claims with prejudice, without the involvement of the district court or DOL, that may later be enforceable." *Id*. at 204. The Court noted the trend among district courts in this circuit to subject FLSA settlements to judicial scrutiny, and determined that these cases, "read in light of the unique policy considerations underlying the FLSA," required judicial or DOL approval. *Id*. at 206. Specifically, the *Cheeks* Court held that the FLSA is an "applicable federal statute," as that phrase appears in Rule 41, that limits the parties' right to stipulate to the dismissal of their action. "Requiring judicial or DOL approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: 'to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair Day's work.'" 796 F.3d at 206 (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). In the Circuit's view, the bases on which district courts have rejected proposed FLSA settlements "highlights the potential for abuse in such settlements, and underscores why judicial approval . . . is necessary." *Id*. The *Cheeks* Court recognized the burdens that results from requiring judicial

approval of FLSA settlements but concluded they were outweighed when "balanced against the FLSA's primary remedial purpose: to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Id.* at 207. "[T]he need for such employee protections, even where the employees are represented by counsel, remains." *Id.*

The *Cheeks* Court was presented with the issue of whether a party may settle FLSA claims with prejudice, without court approval or DOL supervision, under Rule 41(a)(1)(A)(ii) and explicitly left open whether parties may settle FLSA cases without court approval or DOL supervision by entering into a Rule 41(a)(1)(A) stipulation "without prejudice." *Id*. at 201, n.2. Also unaddressed was the question presented here: whether a plaintiff may voluntarily dismiss an FLSA case "with prejudice" before the opposing party serves either an answer or a motion for summary judgment pursuant to Rule 41(a)(1)(A)(i).[1]

It seems to this Court that the reasoning in *Cheeks* applies with equal force to the dismissal of an FLSA action with prejudice pursuant to Rule 41(a)(1)(A)(i). Tellingly, the language relied on by the *Cheeks* Court, *viz*. "any applicable federal statute," precedes both subsections of Rule 41(a)(1)(A). So too, the need for employee protection applies just as much here, where there is an apparent resolution of an FLSA claim before the filing of an answer or motion for summary judgment enabling the use of a notice of dismissal, as it did in *Cheeks* where the resolution resulted in a stipulation of dismissal.

This Court's research has revealed only one case to address whether a dismissal with

---

[1] Rule 41(B) provides that "[u]nless the notice . . . states otherwise, the dismissal is without prejudice. . . ." Here, the notice specified that the dismissal was "with prejudice."

prejudice pursuant to Rule 41(a)(1)(A)(i) is subject to court review.[2] In *Santos v. Gomez, LLC*, 2013 WL 4523492 (M.D. Fla. Aug. 26, 2013), the complaint sought unpaid overtime wages pursuant to the FLSA. Although the defendants received several extensions of time to answer, they never filed an answer; instead, the plaintiff filed a notice of dismissal with prejudice pursuant to Rule 41(a)(1)(A)(i). *Id*. at * 1. The court then entered an ordered noting that the voluntary dismissal with prejudice did not state whether a settlement had occurred and directing the plaintiff to report the specifics of any settlement so that the court could determine whether it was fair and reasonable or to tell the court that plaintiff had simply elected to voluntarily dismiss the case absent a resolution of the alleged wrongdoing. In response, the plaintiff sought reconsideration of the court's order. Upon reconsideration, the *Santos* Court reaffirmed its prior order, rejecting the assertion that plaintiff's case could be settled without review of the proposed settlement agreement by the court. *Id*. (citing *Nall v. Mal-Motels, Inc*, 2013 WL 3871011 (11th Cir., July 29, 2013) and *Lynn's Food Stores, Inc. v. U.S. Dept. of labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

> If plaintiff's Notice of Dismissal With Prejudice is the product of a settlement, the Court must be notified and must review the terms of the proposed settlement. If not, and plaintiff has just decided to dismiss her case without consideration from defendant, plaintiff can simply tell the Court that no settlement is involved. The Federal of Civil Procedure do not overrule the FLSA's substantive requirement of a court-approved settlement.

---

[2] Plaintiff asserts that "while numerous decision from the Eastern District have cited the holding in *Cheeks*, not a single one has applied it to a case involving a notice of dismissal pursuant to Rule 41(a)(1)(A)(i)," Pl.'s Mem. at 4 (citing cases). Having reviewed the cited cases, it is more accurate to state that while numerous decision from the Eastern District have cited the holding in *Cheeks*, not a single one has addressed *Cheeks'* applicability to a case involving a notice of dismissal pursuant to Rule 41(a)(1)(A)(i).

2013 WL 4523492, at *1.

As set forth in the Court's June 8, 2016 Order, given that plaintiff had advised the Court that he had been in contact with defense counsel and it was likely that there would be "a relatively expeditious resolution of this case" [DE 5]; and (2) the notice of voluntary dismissal is "with prejudice" [DE 7], it would appear that the dismissal is the result of a quid pro quo between the parties. If that is not the case, plaintiff should so advise the Court.  Otherwise, plaintiff shall provide this Court with the specifics of the settlement to enable the Court to determine whether it is fair and reasonable. Plaintiff shall file its response to this Order on or before July 15, 2016.

**SO ORDERED.**

Dated: Central Islip, New York
       June 28, 2016                          /s/   Denis R. Hurley
                                              Denis R. Hurley
                                              United States District Judge